# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

RON TAPLEY, on behalf of himself and in
the right of
TAPLEY UNLIMITED, LLC, an Oklahoma
limited liability company,

                Plaintiffs,

v.

ROBERT D. BUYSSE; and
MITCHELL CLARK,

                Defendants.

Case No. 18-CV-165-GKF-FHM

## OPINION AND ORDER

Before the court is the "Motion for Leave of Court to Withdraw Notice of Removal" [Doc. No. 11] of defendants, Robert D. Buysse and Mitchell Clark.

This is a shareholder derivative suit filed by Ron Tapley, on behalf of himself and in the right of Tapley Unlimited, LLC, on March 13, 2018, in the District court of Tulsa County, Oklahoma. On March 14, 2018, the state court denied plaintiffs' motion for a temporary restraining order and set a temporary injunction hearing for April 13, 2018. [Doc. No. 2-1, p. 6]. On March 26, 2018, defendants removed the case to this court based on diversity jurisdiction. Removal appears to have been proper because the parties are completely diverse[1] and plaintiffs request damages in excess of $75,000. *See* 28 U.S.C. § 1332(a). Plaintiffs did not move to remand.

On April 4, 2018, defendants filed the instant "Motion for Leave of Court to Withdraw Notice of Removal." [Doc. No. 11]. Defendants seek to withdraw their notice of removal on the

---

[1] Tapley is a resident of Oklahoma, Tapley Unlimited is an Oklahoma limited liability company with its principal place of business in Oklahoma, and Buysse and Clark are residents of North Carolina.

grounds that: (1) litigation will be less expensive in state court; (2) the state court is in a better position to apply and interpret Oklahoma law; and (3) enforcement of orders and judgments will be more effective and less expensive. [Doc. No. 11, p. 2–3, ¶ 3]. Defendants do not argue the court lacks subject matter jurisdiction or their prior removal was procedurally defective. Plaintiffs oppose defendants' motion on the basis that notice of removal cannot be withdrawn, and that defendants' preference for litigating in state court is not a proper basis for remand. [Doc. No. 12, p. 2–4].

Having considered the parties' arguments, the court holds defendants' motion must be denied. As an initial matter, a notice of removal cannot be withdrawn once the case has been removed. *See City of Albuquerque v. McGrath*, Civ. No. 11-1030 JCH/KBM, 2012 WL 13076767, at *2 n.1 (D. N.M. Apr. 13, 2012) ("The court doubts whether it is possible . . . to withdraw a notice of removal. Such an action would be akin to trying to unring a bell, for once a case has been removed, the only way to return it to state court is by an order of remand."); *Cartee v. Precise Cable Const., Inc.*, CA 05-0515-C, 2005 WL 2893951, at *1 n.4 (Nov. 1, 2005) ("[N]either [the removal] statutes nor case law contemplate allowing the withdrawal of consent to removal following removal."). Furthermore, even if the court was to construe the motion as a motion to remand, defendants' newfound preference for litigating in state court is not a proper basis for remand. *See Roche Constructors, Inc. v. One Beacon Am. Ins. Co.*, No. 11-CV-01903-PAB-CBS, 2012 WL 1060000, at *3 n.5 (D. Colo. Mar. 28, 2012) ("[B]ecause the propriety of removal is determined at the time the notice of removal is filed, it is improper to allow remand due to a party's express desire to withdraw consent to removal."); *Hankinson v. Northwestern Mut. Life Ins. Co.*, No. 11-3205, 2011 WL 3269431, at *1 (Aug. 1, 2011) ("District Courts in other Circuits have found it improper to allow remand due to a party's expressed desire

to withdraw consent to removal. . . . Allowing such withdrawals of consent to removal would run counter to federal courts' general policy discouraging forum and judge shopping."); *McMahan Jets, LLC v. X-Air Flight Support, LLC*, Civil Action No. 2:10CV175 KS-MTP, 2011 WL 39810, at *5 (S.D. Miss. Jan. 6, 2011) (denying remand where defendants only cited "concerns over judicial economy" and their own "irrelevant opinions as to where [the] case should and could be litigated").

WHEREFORE, defendants' motion "Motion for Leave of Court to Withdraw Notice of Removal" [Doc. No. 11] is denied.

IT IS SO ORDERED this 15th day of May, 2018.

GREGORY K. FRIZZELL, CHIEF JUDGE